JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

|  |  |
|---|---|
| DONN RICHARDSON,<br><br>Petitioner,<br><br>v.<br><br>PFEIFFER,<br><br>Respondent. | Case No. CV 24-00486-JFW (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

## I.   INTRODUCTION

On January 8, 2024, Petitioner Donn Richardson, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his 2010 conviction for shooting at an inhabited dwelling, discharging a firearm with gross negligence, exhibiting a concealed firearm in public, and two counts of assault with a firearm, entered in Los Angeles County Superior Court, Case No. BA359574. See id. at 2.

For the reasons set forth below, the Petition is dismissed without prejudice as an unauthorized second or successive petition.

## II.   PRIOR PROCEEDINGS

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions,

Donn Richardson v. W.L. Montgomery, No. CV 16-02255-JWF (DFM) (C.D. Cal. filed Apr. 1, 2016) ("Richardson I"); and Donn Richardson v. W.L. Montgomery, No. CV 19-04400-JWF (DFM) (C.D. Cal. filed May 21, 2019) ("Richardson II").

In Richardson I, Petitioner sought relief from his 2010 conviction and sentence, and the petition was dismissed as untimely. See No. CV 16-02255, 2017 WL 8472683 (C.D. Cal. Nov. 9, 2017), report and recommendation adopted, 2018 WL 1468423 (C.D. Cal. Mar. 23, 2018). Petitioner appealed that decision to the Ninth Circuit, which denied a certificate of appealability. See No. 18-55493, 2019 WL 1762686 (9th Cir. Mar. 15, 2019). In Richardson II, Petitioner again challenged his 2010 conviction and sentence, and the Court dismissed the petition without prejudice as an unauthorized second or successive petition. See No. CV 19-04400, 2019 WL 2725339 (C.D. Cal. July 1, 2019).

In the instant action, Petitioner challenges the same 2010 conviction and sentence once again. See Petition at 2. While not entirely clear from the Petition, he appears to argue that the trial court should have sentenced him to a shorter term of imprisonment and/or that he is entitled to a reduction in his sentence based on subsequently enacted state laws that apply retroactively to his conviction. See id. at 3-7.

### III.   DISCUSSION

The Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2; Mayle v. Felix, 545 U.S. 644, 656 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEPDA requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. See id. at 152. The court of appeals may authorize the filing of a second or successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

Here, the Petition is a second or successive petition challenging the same conviction at issue in Petitioner's two prior habeas actions, the first of which was dismissed with prejudice as untimely. While Petitioner offers a new theory for habeas relief, this does not excuse him from the requirements of 28 U.S.C. § 2244(b)(3). Regardless of whether Petitioner can satisfy the requirements of 28 U.S.C. § 2244(b)(2), he must request and obtain authorization from the Ninth Circuit Court of Appeals before filing a second or successive petition. There is no indication in the record that Petitioner has obtained the requisite authorization from the Ninth Circuit. The Court, therefore, lacks jurisdiction over the Petition. See 28 U.S.C. § 2244(b)(3); Burton, 549 U.S. at 152.[1]

---

[1] Because the Court lacks jurisdiction over the Petition, the Court does not reach the issue of whether the Petition satisfies the exceptions set forth in 28 U.S.C. § 2244(b)(2).

## IV.   CONCLUSION

The Petition is dismissed without prejudice for lack of jurisdiction. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: March 25, 2024

JOHN F. WALTER
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge